# CHARLESTON.

## John B. Laing v. C. L. McClung et al.

Submitted October 3, 1922.　Decided October 10, 1922.

1. Deeds—*Plats of Resurvey Admissible to Construe Indefinite Descriptions in Deed.*

    As bearing upon the interpretation of loose and indefinite descriptive terms in a deed and aiding in the application thereof to its subject matter, a plat of a survey made before execution of the deed and another made afterwards in fulfillment of stipulation in the deed for a resurvey of portions of the land, together with oral testimony proving the making of such subsequent survey and identifying and explaining the plat based thereon, are admissible in evidence on the trial of a case in which the construction of the deed is involved. (p. 782.)

2. Same—*Plat Upon Which Deed Based and of Resurvey Admissible Upon Question of Description in Deed.*

    Upon an issue as to whether a deed conveying land described as being included in a previous deed based upon a prior survey thereof, granting only timber on all of the land described in it by metes and bounds, except designated parcels thereof, saying such parcels are excluded and not conveyed and stipulating for a resurvey of such parcels, for determination of the amount of the purchase money of the timber, on an acreage basis, passes title to such designated and excepted parcels and as to the areas thereof, if not conveyed by it, the plat upon which the timber deed was based and the plat of the resurvey subsequently made agreeably to the stipulation therefor, are both admissible, together with evidence tending to prove the latter plat was known to the grantee in the deed under construction, at or before execution thereof. (p. 782.)

3. Evidence—*Doubtful Description of Deeds by Reference to Descriptions and Exceptions in Former Deeds May be Established by Parol Evidence.*

    Upon the construction of a deed purporting to convey one tract of land, by the description given it in an excepting clause of another prior deed, and further describing it as being the same tract mentioned and described in the excepting clause of a third and still older deed, oral evidenec is admissible to prove identity of the one tract conveyed and error

in the recital of identity of the two tracts, as well as to refute inferences that would arise from such recital, if true, as to the intention of the parties to the deed.  (p. 782.)

4.  DEEDS—*Question Whether Excepted Lands in Prior Deed Were Conveyed Held for the Jury.*

If, upon such an issue as is stated in point 2 of this syllabus, it is further shown that the grantee in the deed under construction, within about two months after the date thereof, caused a portion of the lands excepted from the prior timber deed, to be purchased by a corporation largely controlled by him, and evidence is adduced, tending to prove that, in procuring a conveyance of a parcel of land not embraced in such exceptions, to such corporation, he caused a false recital to be incorporated in the deed therefor, to the effect that it was one of the excepted parcels, the interpretation of the deed, as to whether the parcels of land excepted by the timber deed, were conveyed by it, is properly submitted to the jury, it being a question of mixed law and facts.  (p. 782.)

Error to Circuit Court, Greenbrier County.

Action by John B. Laing against C. L. McClung and others.  Judgment for defendant, and plaintiff brings error

*Affirmed.*

*Brown, Jackson & Knight, S. M. Austin, Osenton & Lee,* and *Lynch & Lynch;* for plaintiff in error.

*F. R. Hill, T. N. Read* and *A. J. Horan,* for defendants in error.

POFFENBARGER, PRESIDENT:

This writ of error goes to a verdict and judgment for the defendants, in an action of ejectment in which the plaintiff claimed by his declaration, four tracts of land containing respectively 280 acres, 25 acres and 8 poles, 3.7 acres and 3 acres.  Before the trial, he eliminated the 3.7 acre tract. By a written disclaimer, the defendants conceded to him the tract containing 25 acres and 8 poles and part of the 280 acre tract.  The tract last mentioned is described in the proceedings and evidence as the Home Place and the 3-acre tract as the school house clearing or lot.  The rights of the parties are determinable in a very large measure, by docu-

ments consisting of deeds and plats used in the negotiations. consummated by the deeds, and the plaintiff claims the construction of the deeds was a question of law for the court, wherefore it was improperly allowed to go to the jury. He further contends that, even though the issue was one proper for jury determination, the verdict is contrary to the law and evidence. A number of instructions were given to the jury none of which seem to have been made subjects of complaint, but exception was taken to the action of the court in admitting certain testimony adduced by the defendants. The controversy arose out of the general character of the deeds involved and looseness and indefiniteness of the descriptive terms thereof.

The deed under which the plaintiff claims, bearing date, February 13, 1919, refers to a former deed dated, November 10, 1909, and partially adopts it for description and identification of the subject matter of the grant of the later deed. The earlier deed granted only the timber on portions of the 2,000-acre tract conveyed by the later one and on a large additional area. By it, C. L. McClung and Amanda McClung his wife, conveyed to J. O. McClung and L. E. McClung the timber on land described by metes and bounds, as containing 5,208.8 acres, from which there was excepted the four small tracts hereinbefore referred to and a 100-acre tract called the O. G. McClung tract and a 263.4-acre tract called the R. O. McClung tract, which were supposed to have a combined acreage of 675.9. After specification of the acreage of the entire boundary, the deed says the small tracts just mentioned were "to be deducted" and "excluded" and were "not conveyed." At the end of the deed, there is a stipulation saying: "It is hereby agreed a resurvey of said certain reservation of 675.9 of cleared or hacked land is to be made and if the same is found less or more to be adjusted upon the basis of $10.00 per acre." This deed described the land embraced within the exterior boundary as being situate "On the water shed of Meadow Creek Hominy Creek Mill & Laurel Creek in Meadow Bluff District in the County of Greenbrier W. Va." With the 100-acre and the 263.4-acre

reservations, we are not concerned. They are not involved. The 280-acre reservation is described in the deed as "The home place and clearing," the 25.8-acre tract as "The bottom clearing;" the 3.7-acre tract as "Clearing at the red gate;" and the 3-acre tract as "Reserved at School House." In the preliminary contract of sale to the plaintiff, of part of the land on which the timber had been so conveyed, dated, January 4, 1919, and in the deed conveying the same, made in pursuance of that cantract and dated February 13, 1919, it is described as all of the lands and interest in lands of the grantors, C. L. McClung and Amanda McClung, "Lying on the water shed of Meadow Creek, in Meadow Bluff District, of Greenbrier County, and State of West Virginia, included within that certain timber deed of the parties of the first part to J. O. and L. E. McClung, * * * * excepting from this conveyance the cleared land at the saw mill on the Nicholas road, which exception is supposed to contain 2 acres." The land so conveyed is further described as containing 2,000 acres. This deed, it will be observed, conveys land on only one of the three watersheds mentioned in the deed of November 10, 1909, from C. L. McClung and wife to J. O. and L. E. McClung, the timber deed. The 3.7-acre tract was eliminated from the suit, because it was found to be outside of the watershed of Meadow Creek, and therefore, not embraced in the conveyance. The defendants claim the 2-acre reservation mentioned in the later deed is not one of the tracts that was excepted from the timber deed and that it is a small tract that would have passed under the deed to the plaintiff, if it had not been excepted therefrom. On the other hand, the plaintiff claims that two-acre tract is the same tract that was excepted from the timber deed, under the phrase, "Reserved at school house." The defense is predicated upon the theory that, in as much as the 280-acre tract, the 25.8-acre tract and the 3-acre tract were definitely excluded from the timber deed and the deed to the plaintiff purports to grant only the land on the watershed of Meadow Creek; included within the timber deed, these tracts were not embraced in the deed of February 13, 1919. In resistance

of this contention, it is insisted that, in as much as the timber deed does not convey land, but only the timber on land, these tracts were not excepted at all, but were merely to be deducted in the calculation to determine the acreage of timber in the boundary of 5,208.8 acres. In other words, it is contended that the deed of February 13, 1919, carries title to all of the land included in the exterior boundaries of the tract of land described in the timber deed, in so far as it lies on the waters of Meadow Creek, and that the phrase, "Included within that certain timber deed," means included within the exterior boundaries of that deed and not merely included in what was conveyed by it. As has been stated, title to the 25.8-acre tract and about 25 acres of the 280-tract was disclaimed by the defendants and so withdrawn from the controversy. The occasion of this disclaimer was the conveyance of those two tracts by McClung and wife to C. W. Martin, Trustee, by deed dated, April 19, 1919. A few days later Martin conveyed them to the Lanark Coal Company. By a deed dated, April 22, 1919, McClung and wife conveyed to Martin, Trustee, the two-acre tract reserved by the deed of February 13, 1919, describing it as "In reality the same tract of land though differently described, as the 3-acre tract excepted from the operation of the timber deed," and, on the same day, Martin conveyed it to the Lanark Coal Company. It is admitted that the plaintiff, Laing, is largely interested in the Lanark Coal Company, and procured these conveyances to it, through Martin.

As has been stated, the timber deed contained a stipulation for a resurvey of the tracts excepted therefrom. It conveyed the timber, however, with reference to a survey made by one Isaac Nutter, prior to the date thereof, for the purposes of a contemplated conveyance to one W. A. Porter, which was never consummated. That survey was made in the years 1905 and 1906. The reference to it in the deed of November 10, 1909, reads as follows: "The parties of the first part hereby grant and convey the timber as aforesaid to the parties of the second part or their assignees on the land hereinafter described giving the exterior boundaries

as surveyed by Isaac Nutter, but excluding certain parcels of said land embraced in the bounds of the said survey and hacking hereinafter more particularly described and set forth." It will be observed that there was no provision for a resurvey of the exterior boundaries, but it was agreed that the reservations should be resurveyed. The Nutter survey, however, extended to, or rather located and designated the exceptions. In 1910, the resurvey contemplated and provided for was made by R. M. Cavendish, for Bright and Brewster, the purchasers of the timber from J. O. and L. E. McClung, and he made a plat of his survey. This is shown by his testimony as well as that of the defendant C. L. McClung. This survey makes the area of the Home Place considerably larger than does that of Nutter, and the defendants claim title in accordance with the boundaries shown by it. This reveals the evidential value of the plat. That plat differs materially from the one made by Nutter, as has just been stated, together with testimony of C. L. McClung and Cavendish, respecting it, was admitted over objections of the plaintiff. In connection therewith, C. L. McClung was permitted to testify, over objection, that the Cavendish plat had been brought to the attention of the plaintiff, in their negotiation resulting in the conveyance of February 13, 1919. In so far as these objections are based upon supposed lack of connection between the deed and the plat in question, they are not well taken. The timber deed on its face discloses evidence of intention not conclusively to adopt the Nutter deed, for determination of the areas of the excepted portions, and to have those portions resurveyed for more accurate determination thereof. The oral evidence objected to proves such a resurvey was made by Cavendish, within a year from the date of the deed. That it was made at the instance of Bright and Brewster, grantees of J. O. and L. E. McClung, is immatarial, since the grantees were entitled to the benefit of that provision as clearly as were their grantors. It is further argued against the admissibility of the Cavendish plat, that title in the defendants as defined by it, taken in connection with their disclaimer, creates a relation

between the lands kept and those disposed of, that could not have been intended, because it works serious inconvenience to the plaintiff. However, there is no actual evidence of such inconvenience. It is merely assumed from the relation shown by the plat. But, if it were established by proof, it would go only to the evidential weight, not the admissibility of the plat.

The evidential tendency and import of the recital in the deed of April 22, 1919, conveying to the plaintiff the 2-acre tract excepted from the deed of February 13, 1919, to the effect that it is the same tract that was excepted from the timber deed under the designation, "Reserved at School House," has been observed. If it is one of the tracts excepted from the timber deed, exception thereof from the operation of the deed to the plaintiff is an admission of intent to include in the deed to the plaintiff, all of the tracts excepted by the timber deed, lying within the watershed of Meadow Creek, and then to except one of them. The defendants now claim their deed to the plaintiff did not include any of those tracts, but, if they deemed it necessary to except one of them from their deed to the plaintiff, to keep it from passing by that deed, the exception carries an implication that they were so included, in so far as they were not excepted. Materiality and potency of the recital are, therefore, clearly manifest. To avoid its effect, the defendants introduced testimony tending to prove the two tracts are not identical and that the recital is clearly erroneous. The defendant, C. L. McClung, was not permitted so to testify, because the trial court thought he could not be allowed to contradict the terms he had used in his deed; but five other witnesses were permitted to testify, over objections of the plaintiff, that the two-acre tract excepted from the deed to the plaintiff, described as being at the saw mill on the Nicholas Road, and the three-acre tract excepted from the timber deed under the designation, "Reserved at the School House," are separate and distinct tracts lying distant from each other, about a quarter of a mile. The basis of the objections to this testimony, though not very clearly stated,

seems to be conclusiveness of the recital. The three-acre lot "Reserved at the School House," is one of the subjects of litigation. One of the primary issues in the case is the question of title thereto. The jury were called upon to determine whether or not, by the deed of April 22, 1919, the defendant had conveyed that lot to the plaintiff. But whether the deed conveyed it was a question of intention, to be determined from the deed alone, providing it is definite and certain as to the intention. Manifestly, it is not. On its face it purports to grant but one lot and the recital is only a matter of description. It negatives intent to grant two, and, if there was not such identity as it recites, an inquiry arises as to the status of the recital. Nothing in the terms of the deed solves that inquiry, hence the necessity of resort to oral evidence. Such evidence is always admissible for identification of the subject of the grant and for application of the terms of the deed to its subject; and, if a deed contains matter that is erroneous and does not fit the subject, it may be disregarded, upon proof of the error in it. *State* v. *Herold,* 76 W. Va. 537; *Mylius* v. *Raine-Andrew Lumber Co.,* 69 W. Va. 446; *Winding Gulf Collieries Co.* v. *Campbell,* 72 W. Va. 449. Upon the same principle, the evidence in question was admissible to prove the admission carried by the recital, as to what had been excepted from the timber deed and granted by the deed to the plaintiff, was erroneous. C. L. McClung could not be permitted, of course, to contradict the recital of his own deed, but whether it would have been proper to permit him to admit it and then excuse himself from its effect by stating that it was made under an erroneous impression, it is unnecessary to say. The rejection of his testimony in regard to that matter is not complained of.

It is impossible to perceive in the terms of the two deeds the high degree of certainty and definiteness claimed in the argument for the plaintiff in error, as to what was granted and excepted. Contrary to the fact, the deed of February 13, 1919, seems to assume land was granted by the deed of November 10, 1909, for it describes the land conveyed as having been included in the timber deed. That deed in-

cluded no land at all by way of conveyance. It disposed of
no land. It merely granted the timber on land described by
metes and bounds, and from that description excepted cer-
tain designated tracts. If the phrase, "included in that
certain timber deed," means included in the grant of the
timber deed, it included nothing in the excepted tracts for
the deed did not grant any timber on those tracts. If it
means inclusion within the boundaries set forth in the timber
deed, it is to be observed, that such deed expressly says those
tracts are excluded and not conveyed. The argument sub-
mitted in resistance of the conclusion indicated by these
terms seems to be that the timber deed excluded the excepted
tract only from calculation, in ariving at the amount to be
paid for the timber granted, on the basis of a price per acre.
It must be remembered, however, that the Nutter survey
recited in the deed, had located and described the excepted
tracts, and that the deed provided for a resurvey thereof,
for more accurate ascertainment of their areas, and, in con-
nection with these recitals and stipulations. it is solemnly
declared that the six tracts mentioned are excluded and not
conveyed. This necessarily means that neither the title to
these tracts nor to the timber on them was conveyed. There
may have been some timber on each of these tracts. If there
was, it was excluded. The terms of exception are emphatic
and unqualified. They exclude from calculation. Literally,
they exclude in every other way and for all purposes, and
they are not clearly limited. It would be difficult indeed to
perceive of looser or more indefinite terms used in a con-
veyance. Under the impression that they had not disposed
of the Home Place and the 3-acre tract, the defendants con-
tinued in possession thereof and have defended their posses-
sion. In doubt as to right in him to these two tracts of
land, to say the least of his state of mind respecting them,
the plaintiff, in about two months after the date of the deed
in question, as president of the Lanark Coal Company,
caused a portion of the Home tract and another adjoining
parcel claimed by the defendants, as having been retained
by them, to be purchased for that company, by C. W. Martin.

There is evidence tending to prove also that in doubt as to whether he had secured the excepted parcel of land, or knowing he had not, he caused to be prepared a deed containing a false recital as to the identity of the two-acre tract excepted from his deed, and procured execution thereof by the defendants.

This practically contemporaneous conduct on his part is a potent factor in the determination of what was meant by the loose description contained in the deed of February 13, 1919.   In its terms, we find no fixed and rigid signification binding upon the court or the jury.   They are descriptive of the subject matter and are not words of grant, except in so far as they are connected with the disposing terms of the deed.   As descriptive matter, they define, limit and explain the disposing words, and, if, properly interpreted, they do not include the tracts excepted by the timber deed, the deed in which they are found do not carry those tracts. Their true meaning and intent depend upon facts and circumstances in the light of which they were used and the sense in which they were understood by the parties, as shown by their subsequent conduct.   *Armstrong* v. *Ross,* 61 W. Va. 38; *Chapman* v. *Coal Co.,* 54 W. Va. 193; *Caperton's Adm'rs.* v. *Caperton's Heirs,* 36 W. Va. 486.    In finding a verdict for the defendants, under the terms of the deed, viewed in the light of the facts and circumstances disclosed by the evidence, including the conduct of the parties indicating their interpretation of the instrument, the jury acted well within their province and the court properly overruled the motion for a new trial.

Seeing no error in the judgment, we will affirm it.

*Affirmed.*