POLLOCK et v. BRAYTON et.

Ohio Appeals, 1st Dist., Hamilton Co.

No. 3130. Decided May 7, 1928.

**First Publication of This Opinion.**

Syllabus by Editorial Staff.

REAL ESTATE—Estoppel (265)

(510 D1) Where grantor has no title, or defective title, or an estate less than that which he assumes to convey with warranty, and subsequently acquires the estate which he has purported to convey and where he afterwards perfects his title, such after-acquired or perfected title will inure to the grantee or to his benefit by way of estoppel. ·

(510 Dk) Language in deed drawn by grantor's attorney, will be construed to ˋbe grantor's language and construed more strongly against grantor than against grantee. Language "takes under the will or by inheritance," means all the interest that the grantor would receive except by purchase.

(510 R2) On question of reformation of deed, equity will not reform unless it is established by clear and convincing evidence that there was a mutual mistake.

Appeal from Common Pleas.

Mallon & Vordenberg, Cincinnati, for Pollock, et.

Dean F. Brayton, Sawyer & Pichel, Wm. C. McLean, Frank R. Woodward, H. J. Buntin, Clarence A. Schneiders, R. E. Simmonds, Jr., Dempsey & Dempsey, W. W. Bellew, J. T. Harrison, Edwd. S. Aston, Stephens, Lincoln & Stephens, and John J. Weitzel, Cincinnati, for Brayton, et.

STATEMENT OF FACTS.

Thomas B. Tullis died in 1849, leaving three children, Jeremiah, May Ann and Martha Tullis. By will, he left certain real estate in Cincinnati to said children for their lifetime, and, after their deaths, to the bodily heirs of the named children or the survivor of them.

Jeremiah Tullis and Mary Ann Tullis died many years ago, without bodily heirs.

Martha Tullis married William Pollock, and had five children:—William Tullis Pollock, Emma Pollock, Martha Pollock Brayton, Mary Alice Pollock Gould, and Edward Charles Pollock.

Emma Pollock died in 1860, at the age of five years.

In 1906, Mary Alice Pollock Gould and her husband, by deed of general warranty, in consideration of $800, conveyed to James Mulligan an interest in property at the corner of Central Avenue and Longworth Street, Cincinnati, Ohio. The deed contained the following provision:

"All her undivided right, title and interest, the same being an interest as devisee under the last will and testament of her grandfather, Thomas B. Tullis, deceased, late of Hamilton County, Ohio, . . . and also any and all interest which she may hereafter acquire or take under said will or by inheritance in and to the following described property."

When Mary Alice Pollock Gould transferred this interest in the property, in 1906, Martha Pollock, her mother, had three children, William Tullis Pollock, Edward Charles Pollock and Mary Alice Pollock Gould, and one grandchild, Dean F. Brayton, living.

At that time, Mrs. Gould did not have any interest in the property other than an expectancy. If she and her brothers and nephew survived Martha Pollock, each would have a one-fourth interest. Her brother, Edward Charles Pollock, died in 1919, and her mother, Martha Pollock, died November 30, 1921.

The prayer here is for reformation of the deed from Mary Alice Pollock Gould to James Mulligan.

Two questions are presented in this case:

1. Did Mrs. Gould, in 1906, have an interest in the property at Central Avenue and Longworth Street, Cincinnati, that could be conveyed? and,

2. Under the language of the deed, did she convey the prospective one-fourth that she had at that time, or what she acquired, either under the will of Thomas B. Tullis, or what she would acquire by inheritance at the death of her mother?

MILLS, J.

It is clear that if Mrs. Gould had died prior to her mother, the deed which she executed in 1906, would not have conveyed any interest in this property.

The petition seeks to have the deed reformed, on the ground that there was a mutual mistake.

Mrs. Gould will be presumed to have known at the time of the conveyance that she might have a one-fourth interest in the real estate. She will also be presumed to have known that, figuring on the uncertainty of life, she might have more than a one-fourth interest, or she might predecease the life tenant, and, therefore, receive no interest whatever.

The language "take under the will, or by inheritance," means all the interest that the grantor would receive except by purchase.

We are of opinion that at the time of the making of the deed, Mrs. Gould did not have any interest in the property that she could convey. But for a consideration that was satisfactory and that was solicited by her and her husband, she undertook to convey the interest that she would have at the death of her mother. It seems to us that a person so situated who conveys premises as if in fee simple,

by deed of general warranty, should be estopped to claim title to the premises against the grantee, his heirs, or assigns. Pollock v. Speidel, 27 Ohio St. 86. Shields v. Larkin, 21 Ohio St. 660.

The law is stated by textwriters as follows: That, with some exceptions which we will not go into here, where a grantor has no title or a defective title, or an estate less than that which he assumes to convey with warranty, and subsequently acquires the estate which he has purported to convey and where he afterwards perfects his title, such after-acquired or perfected title will inure to the grantee or to his benefit by way of estoppel.

On the question of the reformation of the deed, the law is, that a court of equity will not reform a deed, unless it is established by clear and convincing evidence that there was a mutual mistake. Potter v. Potter, 27 Ohio St. 84.

The deed was drawn by Mrs. Gould's attorney. Its language will, therefore, be construed to be her language, and it should be construed more strongly against her than against the grantee.

We hold, therefore, that the equities are in favor of the defendant, Mulligan, and that he is entitled on distribution to one-third of the proceeds in question.

(Hamilton, PJ., and Cushing, J., concur.)