THE UNITED FUEL GAS COMPANY v. LEONARD H. MOLES et al.

(No. 9082)

Submitted September 25, 1940. Decided October 29, 1940.

*J. E. Springston,* for appellants.

*Harold A. Ritz, B. J. Pettigrew* and *Raymond Dodson,* for appellee.

KENNA, JUDGE:

In 1867, Alexander M. Bruen conveyed to John and William Moles a tract of three hundred seventy-one acres, being part of what was called the "Sheba Survey" thought to comprise forty-seven thousand acres and then owned in the main by the grantor. There were a number of unusual provisions contained in the Bruen deed, and at the outset we wish to say distinctly that it is not our purpose indirectly to pass upon the legal effect thereof beyond what is essential to decide the questions before us in this proceeding.

After excepting the minerals, it being conceded by both sides for the purpose of this proceeding that the exception included the oil and gas, as a part of what would be, if the old form of conveyancing were followed, the habendum clause, the following language is found: "* * * granting to the said John Moles, and William Moles, their heirs and assigns, License to use such quantities of said minerals as may be required for their household and domestic purposes: * * *."

A short time after the Bruen conveyance to the Moles, the latter divided the tract of three hundred seventy-one acres, and H. S. Moles thereafter became the successor in ownership of John Moles in the moiety he received.

In 1907, the successors in title of Alexander M. Bruen executed to the United Fuel Gas Company an oil and gas lease covering the entirety of the Sheba tract of forty-seven thousand acres, but subjecting to its terms only such interest therein as the lessors held. The general description contained in this lease admittedly covers the Moles tract, although that tract is not specifically mentioned. It contains the following covenant: "Lessor shall be entitled to gas free of cost for domestic use in dwellings on said premises from any gas well thereon, so long as Lessee shall operate the same and the pressure is

sufficient for such use, and shall use said gas at Lessor's own risk with economical gasburning appliances (subject to Lessee's approval) and Lessee shall not be liable for any insufficient supply from any cause whatever. Said dwellings being the residences of the purchasers of the sub-divisions into lots and numbers according to O. A. Veasey's map (C. E.) of the Sheba Tract."

This controversy grew out of the fact that the defendant, Leonard Moles, occupying the moiety assigned to John Moles and now owned by H. S. Moles, had equipped his dwelling for the consumption of natural gas and had laid a pipe to a well drilled by the United Fuel Gas Company exercising the right conferred upon it by the Bruen lease, and had permitted H. S. Moles to tap the gas line supplying his dwelling and to take gas to a house occupied by himself and located outside, and being no part, of the three hundred seventy-one-acre tract.

The United Fuel Gas Company brought this proceeding in the Circuit Court of Kanawha County for the purpose of enjoining Leonard Moles and H. S. Moles from using natural gas from plaintiff's well for domestic purposes upon the three hundred seventy-one-acre tract, except such as may be used in one dwelling thereon, and using or permitting the use of domestic gas off that boundary. The defendants appeared, filed an answer in the nature of a cross-bill seeking to enjoin the United Fuel Gas Company and those claiming under it from interfering in any manner with defendant's taking gas from its well to the Leonard Moles home within, and to the H. S. Moles residence lying outside, the three hundred seventy-one-acre tract.

The United Fuel Gas Company filed a special reply in writing, and the cause was submitted upon a stipulation, the trial chancellor concluding and adjudging accordingly that Leonard Moles, H. S. Moles and Allie Moles were entitled under the terms of the Bruen lease to the United Fuel Gas Company made in 1907 to be supplied with free gas for domestic purposes in one dwelling located on the three hundred seventy-one-acre tract and then occupied

by Leonard Moles from the well drilled upon the land occupied by him, but that H. S. Moles had no right to free gas for domestic purposes in his dwelling lying outside the three hundred seventy-one-acre tract, with the result that the consumption of domestic gas by Leonard Moles in his dwelling was not enjoined, but that he, H. S. Moles and Allie Moles were forbidden, directly or indirectly, to transport gas from the well or the pipelines of the United Fuel Gas Company to the dwelling of H. S. Moles lying outside of the Moles boundary included within the Bruen lease to the United Fuel Gas Company.

H. S. Moles and Allie Moles are not claiming a right to domestic gas under the terms of the lease to the United Fuel, save in so far as Leonard Moles may be entitled thereto as their representative, H. S. Moles being the present owner of the dwelling occupied by Leonard Moles and of the land upon which it is located. H. S. Moles and Allie Moles do, however, assert that under the Bruen grant made to John and William Moles, their heirs and assigns, in 1867, they, holding under John Moles, are entitled, as a separate and distinct right, to natural gas needed for domestic consumption either on or off the original three hundred seventy-one-acre tract. In order to sustain this contention, the position is taken that under the Bruen deed the right to domestic gas is a right not attached to the land granted, but one that passed to the two grantees individually and would pass to their heirs and assignees in indeterminate number.

A deed speaks as of the time of its execution and delivery unless there are some definite conditions imposed. At that time, the description of the property conveyed must be distinct enough to permit that property to be identified. *Hoard* v. *Railroad Co.*, 59 W. Va. 91, 53 S. E. 278, 8 Ann. Cas. 929; *Smith* v. *Owens*, 63 W. Va. 60, 59 S. E. 762. The terms of the whole instrument are to be construed together *(Uhl* v. *Ohio River Railroad Co.*, 51 W. Va. 106, 41 S. E. 340; *Waldron* v. *Coal Co.*, 61 W. Va. 280, 56 S. E. 492; *Maddy* v. *Maddy*, 87 W. Va. 581, 105 S. E. 803) for the purpose of arriving at the intention of the parties.

*Maddy* v. *Maddy,* 87 W. Va. 581, 105 S. E. 803; *Ahner* v. *Young,* 84 W. Va. 336, 99 S. E. 552; *Uhl* v. *Ohio River Railroad Co.,* 51 W. Va. 106, 41 S. E. 340. In this instance, such a construction applied to the language of the deed from Alexander Bruen to John and William Moles does not solve the difficulty. That deed conferred no right upon H. S. Moles. The deeds from John S. Moles to Samuel Crowder, from Samuel Crowder and wife to Nancy Moles, and from Nancy Moles to H. S. Moles constitute the chain of title upon which his claim to domestic gas to be consumed off the three hundred seventy-one-acre tract necessarily rests. No one of the three deeds referred to contains language beyond that essential to describe the land granted, and that being so, if the right to consume gas for household and domestic purposes granted by Alexander M. Bruen is not a right which attached to the land granted in that deed, it necessarily follows that it did not pass with the land conveyed in the subsequent deeds and therefore is a right in which H. S. Moles would acquire no interest. If it is a right that attached to the land and passed under the deed vesting title in H. S. Moles, it follows that the right cannot extend beyond the premises granted, and that H. S. Moles would have no right to free gas upon the land to which that right did not attach.

Going further, however, we are of the opinion that the right created by the Bruen deed, construing that language against the interest of the grantor and in favor of the two grantees and carrying out the intention of the parties on that basis, created a dual right to the consumption of domestic gas appurtenant to the land granted, and upon dividing the three hundred seventy-one acres into two equal parts, attached to each moiety, in severalty, and that thereafter the right could not be further distributed.. See 17 Am. Jur. 1014, section 126, and 24 Am. Jur. 601, section 102. To permit further division, we believe, would go beyond the language of the deed, and would certainly involve a description of that right predicated upon a division of ownership not in existence at the time the deed was executed. To hold that it created a right which John

Moles and William Moles could partition and thereafter, without detraction, could grant to innumerable persons, we believe, would clearly amount to an unascertainable description of the right granted, and would result in a vague and indefinite description of that right contained in the deed that would render it inoperative by reason of its uncertainty.

Having reached the conclusion that H. S. Moles did not acquire title to the right to use domestic gas off the premises and that consequently the injunction order was fully justified, we do not reach the question as to whether the lease to the United Fuel created another and separate right to gas for domestic purposes. The trial chancellor held that it did not give rise to another interest, and that its language plainly indicates that it was not the intention of the parties to create new rights to domestic gas in a lease covering forty-seven thousand acres and containing no warranty of title. Having eliminated that construction leaves but one other construction to follow, which we are impressed does not conflict with the language of the lease in any manner and conforms therewith in a number of aspects. Though we think it unnecessary to pass upon it at this time, of course this holding will not be taken as an inferential disapproval of the trial chancellor's opinion that the language of the lease to the United Fuel, correctly construed, goes no further than to safeguard the interests of those who had been previously granted the right to domestic gas in deeds from the Bruen interests. Possibly the O. A. Veasey map of the "Sheba Tract" which is referred to in the lease as a means of identifying the dwellings intended to be provided for, would throw further light upon the meaning of the provision.

The injunction order is not attacked for having made provision permitting the consumption of domestic gas in the dwelling of Leonard Moles upon the part of the three hundred seventy-one-acre tract owned by his landlord. The remaining moiety of the same tract, or the William

Moles interest, we think should be recognized on the same basis.

For the foregoing reasons the decree of the Circuit Court of Kanawha County is affirmed.

*Affirmed.*