S. B. Wellman

v.

James I. Tomblin, *et al.*

(No. 10656)

Submitted September 14, 1954.   Decided October 26, 1954.

Given, President and Lovins, Judge, dissenting.

*J. Floyd Harrison, for appellants.*

*Daugherty & Daugherty,* for appellee.

Browning, Judge:

This is a chancery suit brought by the plaintiff, in the Circuit Court of Wayne County, to recover possession of a certain tract of real estate, hereinafter designated as Tract No. 3, and to partition two other tracts, hereinafter designated as Tracts Nos. 1 and 2, in which he alleges ownership of an undivided one-half interest.

The facts are uncontroverted. On February 25, 1914, Tracts Nos. 1 and 2 were conveyed to plaintiff and his brother jointly by one Ferguson. Tract No. 3 was individually acquired by plaintiff in 1916. Plaintiff's brother died intestate, without issue, in 1918, and under the statute then in effect, his one-half undivided interest in Tracts Nos. 1 and 2 passed to his father, B. F. Wellman. Thereafter, on December 21, 1920, plaintiff granted all of his right, title and interest in the three tracts to his mother, Sarah B. Wellman. Subsequently, on December 19, 1921, B. F. Wellman and Sarah B. Wellman, parties of the first part, conveyed "unto the party of the second part [plaintiff] B. F. Wellmans undivided interest in the three separate tracts." Plaintiff, then, by deed dated February 25, 1946, conveyed to defendant James I. Tomblin with covenant of general warranty "all those certain Tracts, Pieces or parcels of surface land, * * * being the same land conveyed by Sarah B. Wellman and B. F. Wellman, her husband, to S. B. Wellman, by deed dated the 19th day of December, 1921, * * *." Tomblin then took possession, made improvements, and subsequently made two out conveyances. The grantees in these conveyances are defendants in this suit.

Sarah B. Wellman died intestate in 1949, leaving plaintiff as her sole heir.

The Circuit Court of Wayne County entered its decree December 18, 1953, *nunc pro tunc,* as of July 28, 1953, holding plaintiff to be the sole owner of Tract No. 3, the owner of a one-half undivided interest in Tracts Nos. 1 and 2, and entitled to the relief sought in his bill of complaint, from which this Court granted an appeal on January 25, 1954.

It will be observed that at the time of the conveyance by the plaintiff to the defendant Tomblin, the former owned only a one-half undivided interest in Tracts Nos. 1 and 2, his mother, Sarah B. Wellman, at that time owning the other one-half undivided interest in those two tracts, and owning Tract No. 3 in fee. It is apparent that Sarah B. Wellman joined in the December 19, 1921 conveyance to convey her dower interest in her husband's undivided

one-half interest in Tracts Nos. 1 and 2, and that the inclusion in that deed of the third tract, which the mother owned in fee at that time, was for the purpose of releasing the dower interest therein of the husband B. F. Wellman. Three years subsequent to the conveyance by plaintiff to the defendant Tomblin, the plaintiff became the owner in fee of the interest then held by his mother Sarah B. Wellman, he being her sole heir.

That a grantee acquires nothing more than the grantor owns and can convey, particularly where the title of grantor appears in deeds of record, and grantor's intentions are expressed in his deed, avails ordinarily, however, such principle is not applicable if in conflict with some canon of construction, or rule of property. *Trager, etc.* v. *Chapman, et al.,* 100 W. Va. 413, 130 S. E. 660.

The parties are in disagreement as to the effect to be given the clause in the 1946 deed "the same land conveyed by Sarah B. Wellman and B. F. Wellman her husband to S. B. Wellman. * * *" The plaintiff contends that these words constitute a description of the interest conveyed, and the defendants maintain that such reference was *pro forma* only. A complete metes and bounds description of each of the tracts is recited immediately following the granting clause.

Code, 36-1-9, provides that: "Any interest in or claim to real estate or personal property may be lawfully conveyed or devised. Any estate in such property may be made to commence in futuro, by conveyance inter vivos, in like manner as by will, and any estate which would be good as an executory devise or bequest, shall be good if created by conveyance inter vivos." Section 10 of the same Article and Chapter provides: "A deed which purports to convey a greater right or interest in real property than the person making it may lawfully convey shall operate as an alienation of such right or interest in such real property as such person might lawfully convey. The application of the doctrine of estoppel by deed, and the liability of the grantor, his heirs and personal representatives upon the covenants, if any, contained in such con-

veyance shall be determined according to the rules of law applicable to other deeds."

By the statutory provisions last quoted, and by numerous decisions of this Court, it is well established in this jurisdiction that the principles of estoppel by deed are in force. In *Johnston et al.* v. *Terry et al.*, 128 W. Va. 94, 36 S. E. 2d. 489, this Court, speaking through Judge Fox, said: "Another legal question involved herein grows out of the reacquisition of the title to the 7.73 acres by Johnston, subsequent to the deed to the Ramseys, dated August 13, 1936. For one reason or another, all authorities agree upon the fundamental proposition that where a person conveys land by deed of general warranty, and has at that time no title, or a defective title thereto, and thereafter acquires perfect title, he is estopped to assert the title thus acquired against his former conveyance. * * *" In support of this statement, the following cases and authorities were cited: 8 R.C.L. 1058; 10 R.C.L. 677; 2 Devlin on Deeds, 3rd Ed. 1764; 3 Id. 2392; 3 Washburn on Real Estate, 6th Ed. 98; Minor on Real Property, 2d Ed., 1689; 19 Am. Jur. 610; *Mitchell* v. *Petty,* 2 W. Va. 470; *Buford* v. *Adair,* 43 W. Va. 211, 27 S. E. 260; *Clark, Trustee* v. *Sayers & Lambert,* 55 W. Va. 512, 47 S. E. 312; *Summerfield* v. *White,* 54 W. Va. 311, 46 S. E. 154; 16 Am. Jur. 629; *Yock* v. *Mann,* 57 W. Va. 187, 49 S. E. 1019; *Blake* v. *O'Neal,* 63 W. Va. 483, 61 S. E. 410; *Irvin* v. *Stover,* 67 W. Va. 356, 67 S. E. 1119; *Custer* v. *Hall,* 71 W. Va. 119, 76 S. E. 183.

Numerous authorities are cited in Footnote No. 20, 7 M. J., Estoppel, §12, for this statement: "The general rule is that where land is conveyed with warranty, the grantor is estopped from setting up an after-acquired title.* * *"

The West Virginia rule established by case and statutory law is in accord with the general rule. 16 Am. Jur., Deeds, §335. The fact that plaintiff subsequently acquired title to the real property here involved by inheritance, rather than by purchase or otherwise, is immaterial in view of the provisions of Code, 36-1-9 and Code, 36-1-10. However, in the absence of statute, many courts have placed limitations upon the rule where a prospective heir

undertakes to assign his expectancy. 4 Am. Jur., Assignments, §52. The rule in Kentucky, though not in accord with the authorities elsewhere, is to the effect that an assignment of an heir's expectancy is invalid, and unenforceable in equity, as well as at law, even though the expectancy is conveyed by a deed containing covenants of warranty, and the grantor is not estopped to deny title to the property subsequently inherited. The reason for the rule is that such a transaction is contrary to public policy. *Hunt* v. *Smith,* 191 Ky. 443, 230 S. W. 936; *Spears* v. *Spaw,* (Ky.), 118 S. W. 275.

In stating the general rule in 16 Am. Jur., Deeds, §338, we find this statement: "In any event there must be certainty and positiveness in the allegations or recitals upon which the estoppel is predicated." See also annotation 58 A.L.R. 349. Upon that point, the rule established by this Court in *Kent's Representatives* v. *Watson's Heirs,* 22 W. Va. 561, has not been subsequently changed or modified. Judge Snyder, who wrote the opinion for the Court, stated: "* * * An estoppel is never extended beyond what is called for by the plain import of the terms employed by the grantor in a conveyance of any kind. * * *" While there was no warranty or assurance of title to the land involved in the litigation in that case, the use of the language "in a conveyance of any kind.", clearly covers instruments with warranties, as well as those without. If it could be argued that this statement was dictum, it undoubtedly represents the weight of authority elsewhere, and the statement in its entirety is adopted and approved. Upon this question this statement appears in 26 C.J.S., Deeds, §105: "Where the language is clear and unambiguous and there is no intention apparent from the instrument to convey after-acquired property or title, the deed will not be construed as a conveyance thereof. In order to convey an after-acquired interest, it is necessary either specifically to mention the intention of the grantor so to do or to make such recitals as will preclude him from thereafter disputing the full force and effect of his conveyance, and the habendum clause may not, as a rule, bring within the scope of the granting clause property

acquired after the execution of the deed, when such granting clause does not purport to pass such property. * * *" Several cases are cited in the footnotes in support of these statements.

In determining the quantum of interest conveyed by deed, the intent of the parties, if ascertainable, prevails, and, generally, it is necessary to consider the entire instrument in order to ascertain what interest is conveyed. In *Spencer* v. *Bouchard,* 121 A. 164, 123 Me. 15, it was held that where a grantor owned the entire fee in certain land, which was acquired by two separate deeds to grantor from different persons, each conveying one undivided half, such grantor's deed, describing the interest conveyed as an undivided half and referring to one of the deeds which conveyed an undivided half to grantor, conveyed only an undivided half.

Where the language used in the habendum clause evinces "a clear intention" to convey all interest in certain described property which the grantor "may hereafter acquire or take" under the will of a specified person or "by inheritance", or "by inheritance or otherwise", it has generally been held that such language conveys the grantor's expectancy as an heir, where that language is used or acquisition by any means if the more general language is contained in the instrument. *Pollock* v. *Brayton,* 163 N. E. 573, 29 Ohio App. 296; *Inlow* v. *Herren,* 267 S. W. 893, 306 Mo. 42; *Wallace* v. *Quick,* 156 S. C. 248, 153 S. E. 168.

In *Carter's Adm.* v. *Quillen,* 39 S. W. 2d. 1012, 239 Ky. 583, it was held that where the reference is intended to show more than merely the source of title, it may require the grantee to resort to the deed referred to in order to determine the extent of his acquisition.

The general rule, that the interpretation of deeds in cases of doubt or ambiguity will be construed most strongly against the grantor and in favor of the grantee, must be considered. This Court has so held on many occasions, including the case of *Weekley* v. *Weekley,* 126 W. Va. 90,

27 S. E. 2d. 591. Other cases so holding are compiled in footnote number 4, 5 M. J., Deeds, §58.

In attempting to ascertain the true intent of the parties in the instant case, and in applying the general rule just stated, we must also consider the rule in *Kent's Representatives* v. *Watson's Heirs, supra,* to the effect that an estoppel is never extended beyond what is called for by the plain terms used by the grantor. That the latter rule is an exception to, or limitation upon the other, is obvious.

Issue was joined in this cause upon the pleadings and exhibits, the latter consisting of the deeds of conveyances heretofore referred to in this opinion. The granting clause in the deed in question recites "all those certain Tracts, Pieces or parcels of surface land, situate on Peter Cave and Bartram Fork Creek of Little Lynn Creek, in Stonewall District, Wayne County, West Virginia", then follows with this language: "and being the same land conveyed by Sarah B. Wellman and B. F. Wellman, her husband, to S. B. Wellman, by deed dated the 19th day of December, 1921, and which deed is recorded in the Office of the Clerk of the County Court of Wayne County, West Virginia, in Deed Book No. 120, at page 192, and bounded and described as follows, to-wit: * * *." Thereafter follows the metes and bounds description of the three tracts.

It is well settled, of course, that parol evidence is inadmissible to vary, contradict, add to or explain the terms of a valid unambiguous written instrument. However, there are some exceptions to the rule. This Court has held that such evidence is admissible to show fraud or mistake, to correct a deed, to show that a deed was executed through mutual mistake, or to correct a mistake of the scrivener in drawing a deed under certain circumstances. 7 M. J., Evidence, §162.

In *Sadler* v. *Taylor,* Syl. Pt. 4, 49 W. Va. 104, 38 S. E. 583, this Court held: "In ascertaining what the intention of the parties was at the inception of the transaction, it is proper to consider the parol declarations of the parties

and the evidence of other witnesses, together with the situation, circumstances, and conduct of the parties respecting such transaction prior to, at the time of, and after the execution of the deed."

It was held also in *Laing* v. *McClung*, 91 W. Va. 776, 114 S. E. 253, that doubtful descriptions of deeds by reference to descriptions in former deeds may be established by parol evidence.

In *Bruce* v. *Slemp*, 82 Va. 352, 4 S. E. 692, such evidence was held admissible for the purpose of ascertaining the nature of the estate conveyed by deed. However, no attempt was made to present extraneous evidence in the instant case to indicate the intention of the parties at the time of the execution of the disputed deed. There is no allegation of fraud or mistake in either bill or answer. That the grantor in the 1946 deed became seized of a one-half interest only in Tracts Nos. 1 and 2, and of no interest except the dower rights of B. F. Wellman in Tract No. 3, by deed of December 21, 1921, to which reference is made in the 1946 deed by the phrase "and being the same land conveyed", is evident. There is no indication by reference or otherwise that the plaintiff possessed any other interest in these tracts.

While referring to citations discussing descriptions and not interest conveyed, this quotation from 16 Am. Jur., Deeds, §276, is worthy of consideration: "The document referred to controls any general words of description contained in the deed itself; * * *." Also, in 16 Am. Jur., Deeds, §288, it is said that: "* * * if a general description is followed by a clause summing up the intention of the parties as to the premises conveyed, such clause has a controlling effect on all prior phrases used in the description."

This statement is contained in 19 Am. Jur., Estoppel, §30: "If a conveyance purports to be of land conveyed by a prior deed to which reference is made, the grantee cannot contend that more passed than was included in the recited deed."

In view of the strong language used by this Court in *Kent's Representatives* v. *Watson's Heirs, supra,* to the effect that an estoppel is never extended beyond what is called for by the plain import of the terms used by the grantor in a conveyance of any kind, and the authorities herein cited in support thereof, this Court holds that by the terms employed by the plaintiff in the 1946 deed to Tomblin, he did not purport to convey an interest in futuro, but only the interest which he possessed in the property at that time. Therefore, plaintiff is not now estopped to assert the title which he subsequently acquired by inheritance against the 1946 conveyance. There was no error in the decree of the Circuit Court of Wayne County which granted all of the relief prayed for in the plaintiff's bill.

*Affirmed.*

GIVEN, PRESIDENT, dissenting:

The problem in this case was to determine whether the deed from S. B. Wellman to James I. Tomblin, dated February 25, 1946, conveyed the whole of the surface of three tracts of land, or whether it conveyed some lesser interest in the surface. The pertinent language contained in the deed is "does hereby grant * * * all those certain Tracts, Pieces or parcels of surface land, situate on Peter Cave and Bartram Fork Creek of Little Lynn Creek, in Stonewall District, Wayne County, West Virginia, and being the same land conveyed by Sarah B. Wellman and B. F. Wellman, her husband, to S. B. Wellman, by deed dated the 19th day of December, 1921 * * *". Then follows, by metes and bounds, a particular description of each of the three tracts. After the particular descriptions, follows this paragraph: "Containing in the aggregate 56 53/100 acres, more or less, being surface land only." Notice the clear, exact language of the granting clause, "grant * * * all those certain tracts * * * of surface land". Notice particularly the use of the word "all". The deed contained no other provision relating to the quantum of interest. The position of the grantee is, assuming that the

grantor did not have complete title to the three tracts of land at the time of the execution of the deed, and that the interest in the three tracts of land outstanding at the time was subsequently acquired by the grantor, that such acquisition inured to the benefit of the grantee by virtue of the general warranty contained in the deed.

The granting clause in the deed referred to, in so far as material, is: "* * * confirm and convey * * * B. F. Wellmans undivided interest in Three separate tracts * * *". Notice that the quantum of the interest conveyed is not fixed or even indicated in the deed referred to. No other provision in the deed attempts to do so. No reference to any other deed or instrument is contained therein.

The Court holds that the quantum of the interest conveyed by the deed to Tomblin is cut down from "all" to an undivided one half as to tracts one and two, and to nothing as to tract three, by virtue of the language of the deed referred to, notwithstanding the interest attempted to be conveyed by that deed is not even indicated therein, and notwithstanding the language used applies alike to each of the three tracts. It is my view that the reference to the prior deed in the chain of title was for the purpose of description only, and did not have the effect of cutting down the quantum of land granted from "all * * * surface land" to an undivided one half interest in two tracts and to nothing in the third tract. So viewed, no repugnancy exists and every word contained in the deed would be given its usual and natural meaning. The Court, in its opinion, concludes that "There is no indication by reference or otherwise that the plaintiff possessed any other interest in these tracts." But the true situation is, I believe, that there is no showing what "undivided" interest the grantor did own. No deed exhibited with the bill so shows. Most certainly, the only instrument referred to did not do so. Even had it so shown, this Court would have no right to assume that the grantor had not acquired the entire interest which he purported to convey from some other source. In considering the questions involved,

we must keep in mind that no extrinsic evidence was offered, the cause having been disposed of on bill, answer and general replication. The answer denied pertinent allegations of the bill. The deeds mentioned are exhibited with the bill.

It is not questioned, of course, that the quantum of an interest or estate in land included in a granting clause in a deed may be cut down or limited by clear language used in some other part of the deed. That may be done even by reference to some other instrument. To accomplish that purpose, however, the language must clearly disclose an intent to do so. Such intent must clearly appear from the language used in the deed. See Code, 36-3-4. Language used in a deed referred to will not cut down the interest or estate clearly included within a conveyance unless it clearly appears that the reference was made for that purpose, and that the language in the instrument referred to clearly does so.

In *Collins* v. *Stalnaker,* 131 W. Va. 543, 48 S. E. 2d 430, this Court stated: "The grant in the instant deed of the fee to Clara Stalnaker is clear, direct and in conventional form. It therefore cannot be cut down unless the express language of the instrument evidences the grantor's intention to do so. To effect such result, the language relied upon to create an exception and reservation, must be as certain and definite as the granting clause. *Miller* v. *Nixon, supra;* 16 Am. Jur., Deeds, Sections 307 and 309 * * *". In *Lott* v. *Braham,* 92 W. Va. 317, 116 S. E. 513, this Court held: "1. If, by the granting clause of a deed, land be conveyed to a named person, without mention of the estate intended to be vested in him, the habendum clause therein, if any, will define the estate granted. 2. If there be no habendum in such a deed, the law determines the estate it passes, and, under sec. 8, ch. 71 of the Code, the grantee takes an estate in fee simple absolute, by legal implication." In *Browning* v. *Bluegrass Hardware Co.,* 153 Va. 20, 149 S. E. 497, the Court quoted with approval a statement found in *Wornom* v. *Hampton Normal & Agri-*

*cultural Institute,* 144 Va. 533, 132 S. E. 344, which was there quoted with approval from *Thornhill* v. *Hall,* 8 Bligh's Rep. (N.S.) 107, and which reads: "It is a settled rule in the construction of instruments that, if an estate is conveyed, an interest given, a benefit bestowed, in one part, by clear, unambiguous, explicit words, upon which no doubt could be raised, to destroy or annul that estate, interest, or benefit, it is not sufficient to raise a mist and create a doubt, from other terms in another part of the instrument. Possibilities and even probabilities will not avail. The terms to rescind or cut down the estate or interest before given must be as clear and decisive as the terms by which it was created. If the benefit is to be taken away, it must be by express words or by necessary implication." See *Miller* v. *Nixon,* 90 W. Va. 115, 110 S. E. 541; *Morgan* v. *Morgan,* 60 W. Va. 327, 55 S. E. 389. In 5 M. J., Deeds, Section 68, the rule is stated in this language: "It is a settled rule of construction, both in deeds and wills, that if an estate is conveyed, interest given, or a benefit bestowed, in one part of the instrument, by clear, unambiguous and explicit words, such estate, interest, or benefit is not diminished nor destroyed by words in another part of the instrument, unless the terms which diminish or destroy the estate given are as clear and decisive as the terms by which it was given."

Assuming that the reference to the former deed was for the purpose of fixing the quantum of the interest conveyed, which it was not, and assuming that the language contained in the deed referred to is repugnant to the language used in the granting clause of the deed to Tomblin, which it is not, still the authorities apparently all agree that language so indefinite as that contained in the deed referred to, quoted above, can not cut down or override the effect of such clear language as "all * * * surface land" contained in the deed being considered.

As above noticed, the language contained in the deed to Tomblin does not purport to refer to the former deed for the specific purpose of fixing the quantum of the interest conveyed. The holding of the Court that it does so of

necessity rests upon mere implication to that effect. Even repugnancy by implication is not necessary. The reference could as well have been made for the purpose of furnishing a description of the several tracts of land, or to identify the source of title of the property conveyed, as for the purpose of defining what interest was intended to be conveyed. "Inferences and implications arising from the words of a contract yield to express provisions manifesting intention to the contrary thereof." *Berry* v. *Humphreys,* 76 W. Va. 668, 86 S. E. 568. See *White Flame Coal Co.* v. *Burgess,* 86 W. Va. 16, 102 S. E. 690. The position of the words of reference in the deed, in the same sentence with and immediately following the general description, and immediately before the description by metes and bounds, strongly indicates to me that the reference was intended merely as a part of the description of the three tracts of land, not a defining of the quantum of the interest conveyed. Assuming, however, that there is some basis for holding that the reference creates a repugnancy, the deed should be construed most strongly against the grantor. In *Deer Creek Lumber Co.* v. *Sheets,* 75 W. Va. 21, 83 S. E. 81, this Court held: "2. Generally, where the language of a deed is susceptible of two interpretations, and the uncertainty is not cleared by evidence properly admissible, that interpretation is to prevail which is most favorable to the grantee." See *Bennett* v. *Smith,* 136 W. Va. 903, 69 S. E. 2d 42; *Swope* v. *Pageton Pocahontas Coal Co.,* 129 W. Va. 813, 41 S. E. 2d 691; *Weekley* v. *Weekley,* 126 W. Va. 90, 27 S. E. 2d 591, 150 A. L. R. 689; *Realty Securities & Discount Co.* v. *National Rubber & Leather Co.,* 122 W. Va. 21, 7 S. E. 2d 49; *Paxton* v. *Benedum-Trees Oil Co.,* 80 W. Va. 187, 94 S. E. 472; *Berry* v. *Humphreys,* 76 W. Va. 668, 86 S. E. 568.

The Court relies heavily upon a part of the holding made in Point 2 of the Syllabus in the case of *Kent's Representative* v. *Watson's Heirs,* 22 W. Va. 561. The whole point reads: "Where a party sells and conveys, without warranty, a particular claim or title to land, he is not thereby estopped from purchasing a superior adverse or

outstanding title and holding the land under such superior title against the grantee of such particular claim or title where there was no fraud or concealment in the sale of said particular claim. An estoppel is never extended beyond what is called for by the plain import of the terms employed by the grantor in the conveyance." Notice particularly that the holding applies specifically to conveyances "without warranty". After an examination of the entire holding, keeping in mind that the deed in the instant case contained covenants of general warranty, while the deed considered in the cited case did not, does it not become clear that the holding in the cited case amounts to just the opposite of the holding in the instant case, by implication at least?

Another applicable rule of construction which would lead to a result different from that reached by the Court is stated by Judge Fox, in the opinion of the Court in *Stephenson* v. *Kuntz,* 131 W. Va. 599, 49 S. E. 2d 235, in this language: "Another rule, equally fundamental, is that an effort should be made to give effect to every part of an instrument, and, where possible, to every word thereof, to the end that the same shall be interpreted as a whole, and not merely by a consideration of disjointed or disconnected parts thereof. This rule is supported by 3 Va. and W. Va. Digest, 553, and cases cited therein. 26 C. J. S. Deeds, Section 84; 17 *Id.* Contracts, Page 707, Sec. 297; 16 Am. Jur. 534; *Uhl* v. *Ohio River Railroad Company,* 51 W. Va. 106, 41 S. E. 340; *Realty Securities and Discount Co.* v. *National Rubber and Leather Co.,* 122 W. Va. 21, 7 S. E. 2d. 49; *United Fuel Gas Co.* v. *Moles,* 122 W. Va. 577, 11 S. E. 2d. 369; *Wheeling Dollar Savings and Trust Co.* v. *Stewart,* 128 W. Va. 703-9, 37 S. E. 2d. 563; *Hinton* v. *Milburn,* 23 W. Va. 166; *Kello* v. *Kello's Executors* (Va.), 103 S. E. 633; *Graham* v. *Graham,* 23 W. Va. 36; *Bently* v. *Ash,* 59 W. Va. 641, 53 S. E. 636." In the instant case the Court simply forgets the words "all * * * surface land", and construes the words "undivided interest", indefinite as

they are as to quantum, to mean an undivided one half interest in two tracts and nothing in a third tract.

Yet another applicable rule of construction was not followed by the Court. In *Paxton* v. *Benedum-Trees Oil Co.,* 80 W. Va. 187, 94 S. E. 472, this Court held: "7. If, in a deed, there be two clauses so totally repugnant to each other, that they cannot stand together, effect will be given to the first, and the latter rejected." See *Realty Securities & Discount Co.* v. *National Rubber & Leather Co.,* 122 W. Va. 21, 27, 7 S. E. 2d 49.

The correct conclusion of the controlling question in this case does not depend upon what interest the grantor in the deed to Tomblin actually owned. We are here permitted to consider only what the language of the deed says was conveyed. "* * * in the absence of explaining testimony or circumstances, the deed itself and the language employed must be alone resorted to * * *". *Realty Securities & Discount Co.* v. *National Rubber & Leather Co., supra.* The language used in the deed clearly shows that the grantor actually conveyed "all * * * surface land" of the three tracts and warranted the same generally, and since he later acquired the outstanding interest, that acquisition inured to the benefit of his grantee. "If one conveys land with general warranty, his title to which is defective, and he afterwards acquires good title to the same, such acquisition inures to the benefit of his grantee." Point 1, Syllabus, *Yock* v. *Mann,* 57 W. Va. 187, 49 S. E. 1019. See *Johnston* v. *Terry,* 128 W. Va. 94, 36 S. E. 2d 489; *Blake* v. *O'Neal,* 63 W. Va. 483, 61 S. E. 410.

Being of the view that the language of the deed to Tomblin clearly granted complete title to the surface of the three tracts of land involved, and that the subsequent acquisition of the outstanding title by the grantor inured to the benefit of the grantee in that deed, by virtue of the covenant of general warranty contained therein, I respectfully dissent. I am authorized to say that Judge Lovins concurs in this dissent. We would reverse the decree complained of.