## Richmond.

STONE v. LEWIS.

FEBRUARY 2d, 1888.

1. WILLS—*Construction—Words of survivorship.*—After a bequest of an estate for the life of the first taker, words of survivorship in a will, are always to be referred to the period of the testator's death, if no special intent appears to the contrary. *Hansford* v. *Elliott,* 9 Leigh, 79.

2. IDEM—*Case at bar.*—Testator devised that after the decease of his wife, his plantation be sold and the proceeds divided equally among his surviving brothers and sisters and the children of such as may be dead, share and share alike:

HELD:

>The word "surviving" refers to the testator's death, there being nothing to show an intent that it refers to the death of the life-tenant. *Brown* v. *Brown,* 31 Gratt., 502.

Appeal from decree of circuit court of Loudoun county, rendered at its January term, 1887, in the chancery cause wherein Catherine D. L. Stone and others were plaintiffs, and James E. Caruthers, sheriff and administrator *d. b. n. c. t. a.* of Joseph Lewis, deceased, and others were defendants. The object of the suit was to construe the will of the said Joseph Lewis, who died in 1834, whereby he devised his home place to his wife for her natural life, and after her decease that it be sold, and the proceeds divided equally among his surviving brothers and sisters and the children of such as may be dead. The complainants contended that the word "surviving" referred to those who might be surviving at the decease of his wife, and the defendants that it referred to those who might

be surviving at the testator's own death.   The circuit court decided that the proceeds were to be divided equally *per capita* among those who answered the description of a brother or sister at the death of the testator, and the children of such brother and sister as were dead.   From this decree the defendants obtained an appeal and *supersedeas* to this court.

*J. H. Alexander* and *J. W. Foster*, for the appellants.

*J. B. McCabe* and *Meredith & Cocke*, for the appellees.

LEWIS, P., delivered the opinion of the court.

The question in this case depends upon the true construction of the third clause of the will of Joseph Lewis, deceased, who died in the county of Loudoun, in 1834.   By the second clause of his will, the testator devised the tract of land upon which, at the date of the will, he resided, containing about four hundred and forty acres, to his wife for her life.   And by the third clause it is provided as follows:

"After the decease of my wife, and as soon thereafter as my executors shall deem fit and expedient, it is my will and desire that the plantation on which I now reside be sold by them to the best advantage, either as a whole or in separate parcels, and the proceeds thereof equally divided among my surviving brothers and sisters and the children of such of my brothers and sisters as may be dead, share and share alike."

The question is, whether the words of survivorship here employed relate to the period of the testator's death, or to that of the death of the life-tenant, the latter having survived the testator fifty-two years.   The circuit court by the decree complained of, sustained the former view, and, we think, correctly.

In *Hansford* v. *Elliott*, 9 Leigh, 79, it was held, after a careful review of the cases, that wherever the words *survivors* and

*surviving* are used in a will, without manifesting any special intent to the contrary, the safest and soundest construction and that most consonant to the intention of the testator and best supported by the authorities, is to refer them to the death of the testator, and not to give the whole estate to such legatee as happens to survive the tenant for life, or, if none survives, to declare a total intestacy. And this undoubtedly is the established doctrine of this court, whatever conflict there may be among the English cases, upon many of which the learned counsel for the appellants relied in the argument at the bar.

In *Martin* v. *Kirby*, 11 Gratt., 67, a testator devised his estate to his wife during her widowhood, and then directed that at her death, the whole should be sold, and the proceeds equally divided between his surviving children or their heirs. It was held that in the absence of evidence to show a special intent on the part of the testator, in using the words *surviving children*, to refer them to the period of the termination of the particular estate, they must be taken to refer to the testator's death; the court saying that the case was not distinguishable in principle from *Hansford* v. *Elliott*, which case was again referred to with approval in *Stone* v. *Nicholson*, 27 Gratt., 1, and in *Brown* v. *Brown*, 31 *Id.*, 502. See, also, *Randolph* v. *Wright*, 81 Va., 608.

This rule of construction is decisive here. Indeed, not only is there an absence of circumstances or evidence of any sort to show an intent on the part of the testator to refer the period of survivorship to the death of the life-tenant, but enough appears from the context of the will to show the contrary— that is to say, that he intended to refer it to the date of his own death. Thus, by the clause immediately following the one above quoted, it is provided as follows: "In like manner, it is my will and I do direct that after all my just debts have been paid from the sale of the real and personal estate which my executors are authorized to sell, the residue of the money arising from such sale, after the payment of said debts, shall

be equally divided among my surviving brothers and sisters
and the children of such of my brothers and sisters as may be
dead at the time of my decease, share and share alike."

Now, here the testator's intent to refer the period of survi-
vorship to his own death is declared in express terms, and the
clause commences with the words "in like manner," thus
indicating that his meaning in this particular was the same in
both clauses. Otherwise, why were those words used? Or
why did he not in the third clause use the word *then*, so as to
make the clause read: "those of my *then* surviving brothers
and sisters and the children of such of them as may be dead,"
referring to the death of the life-tenant? Nor is there any-
thing to show a motive on the testator's part to discriminate
between those of the class mentioned in his will, who were
equally near to him, and who presumably were intended to
equally share in his bounty. In short, we are of opinion that
the construction put upon the will by the circuit court is plainly
right, and that the decree must be affirmed.

DECREE AFFIRMED.