# Staunton.

## SALLIE FLEENOR AND OTHERS v. C. W. SPROLES.

September 22, 1927.

1. WILLS—*Intention of Testator.*—The object of construing a will is to ascertain the true intent and meaning of the testator, as disclosed by the language used by him, read in the light of the circumstances surrounding him at the time of its execution.

2. WILLS—*Jus Disponendi—Remainder-Case at Bar.*—In the instant case a testator devised lands to his widow with remainder at her death or marriage to his sister, "and should my said sister not be alive at the termination of the estate of my wife, then the said land shall go to the next of kin of my said sister, M. V. Sproles; *but this is not intended to take from my said sister the power to dispose of by will or otherwise of the remainder in the aforesaid two tracts of land,"* (Italics supplied.) The testator died in 1902, prior to the act of 1908, changing the doctrine of *May v. Joynes,* 20 Gratt. (61 Va.) 692.

   *Held:* That the sister took a fee simple estate in the remainder under the doctrine of *May v. Joynes,* 20 Gratt. (61 Va.) 692, which vested upon the death of the testator and upon the sister's death vested in her next of kin according to the statute of descents and distributions, and that the provision in the will that the land should go to her next of kin, in the event of her death before the widow's death, was repugnant to such fee simple, and therefore void.

3. WILLS—*Construction—Words of Survivorship Referred to the Testator's Death—Remainders, Reversions and Executory Interests—Vested Remainder Favored.*—Words of survivorship used in a will are to be construed as referring to the testator's death rather than to that of the life tenant, unless a special intent to the contrary appears on the face of the will; and if, upon a fair construction of the whole will, there is doubt as to the character of the remainder, it will be held to be vested rather than contingent, in order that the estate or interest may be vested at the earliest moment consistent with the terms of the instrument construed.

4. WASTE—*Liability of Tenant.*—Under section 5506 of the Code of 1919, any tenant of land who commits waste thereon is liable to the party injured for damages, unless he has a special license to do so.

5. WASTE—*Remainders—Destruction of House or Timber.*—Where a tenant

in possession destroys any of the timber, or houses, on the land, the remainderman may maintain an action therefor.

6. WASTE—*Remedy—Injunction.*—An injunction to stay waste is a proper remedy, although there is a remedy at law.

7. WILLS—*Construction—Timber Rights—Case at Bar.*—In the instant case testator devised two tracts of land to his wife so long as she remained his widow, with remainder to his sister. Under a fair construction of the will, it was reasonably certain that testator intended that his widow should use the land devised to any extent, not amounting to waste, necessary to the reasonable enjoyment of the estate devised to her therein, and to that end she may cut all timber necessary for firewood, fences and repairs to the buildings upon the premises.

Appeal from a decree of the Circuit Court of Washington county, in a suit to construe a will.

*Reversed.*

The opinion states the case.

*Warren & Widener*, for the appellants.

*Thomas C. Phillips*, for the appellee.

WEST, J., delivered the opinion of the court.

We are asked to construe the will of Gilson Fleenor, made on September 16, 1901, and probated May 29, 1902.

Clause 3 of the will, which is involved here, reads as follows:

"3. I will and devise to my beloved wife, so long as she remains my widow, my home farm, consisting of about 180 acres, subject to the devise in the second clause of this will. I also devise to my said wife so long as she remains my widow, my Heiskell land of about fifty-nine acres, and at the death of my wife or the marriage by her, I devise to my sister, M. V. Sproles, if living, the remainder interest in the afore-

said two tracts of land. It is the intent and purpose of this clause of my will to give and devise to my wife, so long as she remains my widow, both tracts of land, subject to the conditions in the second clause of my mother and remainder in fee simple in said two tracts of land, to my sister, M. V. Sproles, the wife of Dr. C. B. Sproles, and should my said sister not be alive at the termination of the estate in my wife, then said land shall go to the next of kin of my said sister, M. V. Sproles, but this is not intended to take from my said sister the power to dispose by will or otherwise of the remainder in the aforesaid two tracts of land. Should my said wife marry again, it is my will that she only have what the law allows her of my estate and nothing more."

The testator died in 1902, leaving surviving his widow, Sallie Fleenor, his sister, M. V. Sproles, wife of Dr. C. B. Sproles, and her two sons, R. C. Sproles and C. B. Sproles. R. C. Sproles died during the lifetime of his mother, leaving surviving two daughters, Farah Clark and Ora Brummitt. M. V. Sproles departed this life six years ago, leaving surviving her son, C. W. Sproles, and two grandchildren, Farah Clark and Ora Brummitt, daughters of her deceased son, R. C. Sproles.

It is alleged that the court erred in holding that upon the termination of the estate which the will vested in Sallie Fleenor, the widow, M. V. Sproles having previously died, the remainder in the land vested in fee simple in C. W. Sproles, as next of kin of said M. V. Sproles.

[1] The object of construing a will is to ascertain the true intent and meaning of the testator, as disclosed by the language used by him, read in the light of the circumstances surrounding him at the time of its execution.

It is a *concessum* that, under the terms of the will, Sallie Fleenor, the widow, was vested with title to the 180 and sixty-nine acre tracts of land, so long as she remains the widow of the testator.

[2] The testator says, "and at the death of my wife or the marriage by her, I devise to my sister, M. V. Sproles, if living, the remainder interest in the aforesaid two tracts of land. It is the intent and purpose of this clause of my will to give and devise to my wife * * * and remainder in fee simple in said two tracts of land, to my sister, M. V. Sproles, * * * and should my said sister not be alive at the termination of the estate of my wife, then the said land shall go to the next of kin of my said sister, M. V. Sproles; *but this is not intended to take from my said sister the power to dispose of by will or otherwise of the remainder in the aforesaid two tracts of land.*" (Italics ours.)

The doctrine of *May* v. *Joynes*, 20 Gratt. (61 Va.) 692, remained in force in Virginia until changed by statute in 1908. In that case the testator's will provides: "I give to my beloved and excellent wife, subject to the provisions hereafter declared, my whole estate, real and personal, and especially all my real estate which I may hereafter acquire, to have during her life, but with full power to make sale of any part of said estate and to convey absolute title to the purchasers; and use the purchase money for investment or any purpose that she pleases; with only this restriction, that whatever remains at her death shall, after paying any debts she may owe, or any legacies that she may leave, be divided as follows." The will then provides for limitations to his children and grandchildren. The court held that the wife took a fee simple in the real estate and an absolute property in the personal estate.

We are of the opinion that *May* v. *Joynes* is controlling in the instant case. The testator, Gilson Fleenor, construes his own will, when he says, in effect, that the provision giving the remainder to the next of kin of his sister, Mrs. Sproles, if she be not alive at the termination of the wife's estate, is not intended to take from his sister the power to dispose of the remainder by will or otherwise. As held in *May* v. *Joynes, supra,* a devise of land for life, with full power of disposition, gives the life tenant a fee simple title.

We are of the opinion that by the will of Gilson Fleenor, Mrs. M. V. Sproles was entitled to a fee simple absolute in remainder in the two tracts of land, and that the provision in the will whereby the land is to go to her next of kin, in the event of her death before the widow's death, is repugnant to such fee simple and absolute property in the land, and is therefore void; and that no interest in the land vested in the next of kin of M. V. Sproles, under the terms of said will.

We are further of the opinion that the fee simple title to the remainder in the two tracts of land vested in Mrs. M. V. Sproles upon the death of the testator, and upon her death vested in her next of kin according to the statute of descents and distributions—that is to say, in her son, C. W. Sproles, and Farah Clark and Ora Brummitt, heirs at law of her deceased son, R. C. Sproles.

[3] According to the syllabus in *Allison* v. *Allison,* 101 Va. 537, 539, 44 S. E. 913, 63 L. R. A. 920, this court held: "Words of survivorship used in a will are to be construed as referring to the testator's death rather than to that of the life tenant, unless a special intent to the contrary appears on the face of the will; and if, upon a fair construction of the whole will,

there is doubt as to the character of the remainder, it will be held to be vested rather than contingent, in order that the estate or interest may be vested at the earliest moment consistent with the terms of the instrument construed."

The bill in the instant case was filed by C. W. Sproles against Sallie Fleenor, the widow, and others who claim an interest in the land, for the construction of the Gilson Fleenor will, and to enjoin and restrain Sallie Fleenor from committing waste on the 180 acre tract of land by cutting and removing valuable standing timber trees therefrom.

The other assignments of error relate to the action of the court in overruling the demurrer to the bill, and in granting an injunction enjoining the life tenant from committing waste during the pendency of this suit, and in referring the case to a commissioner to take an account showing actual receipts from timber sold by Sallie Fleenor from the land in controversy, the fair cash value of the timber sold, and the amount expended by Sallie Fleenor in necessary permanent improvements on the land, and the reasonably fair value of such improvements.

[4] We deem it unnecessary to consider these assignments in detail. Under section 5506 of the Virginia Code, any tenant of land who commits waste thereon is liable to the party injured for damages, unless he has a special license to do so.

[5] Where a tenant in possession destroys any of the timber, or houses, on the land, the remainderman may maintain an action therefor. *Scott* v. *Wharton*, 2 Hen. & M. (12 Va.) 25.

[6] An injunction to stay waste is a proper remedy, although there is a remedy at law. *Harris* v. *Thomas*, 1 Hen. & Munf. (11 Va.) 18.

[7] Under a fair construction of clause 3 of the Gilson Fleenor will, it is reasonably certain that the testator intended that Sallie Fleenor, his widow, should use the 180 tract to any extent, not amounting to waste, necessary to the reasonable enjoyment of the estate devised to her therein, and to that end she may cut all timber necessary for fire wood, fences and repairs to the buildings upon the premises.

For the reasons stated, so much of the decree complained of as construes the will of Gilson Fleenor will be reversed; and, proceeding to construe the will, a decree will be entered here adjudging that under the third clause thereof, C. W. Sproles and Farah Clark and Ora Brummitt, heirs at law of R. C. Sproles, deceased, are the fee simple owners of the remainder in the 180 acre tract, after the life estate of Sallie Fleenor, C. W. Sproles being the owner of a one-half interest, and Farah Clark and Ora Brummitt being jointly the owners of the other half interest therein.

*Reversed.*