# CHARLESTON.

JENNIE THOMPSON *et als v.* GEORGE F. SMITLEY *et als.*

(No. 6654)

Submitted January 14, 1930. Decided January 21, 1930.

*Charles Powell,* for appellants.

HATCHER, JUDGE:

In this suit partition of a certain tract of land is sought, as well as construction of a deed granting it. The deed, as far as pertinent here, reads:

> "This deed made, the 15th day of October, 1890, between Daniel Fancher of the County of Marion and State of West Virginia, of the first part, and Elizabeth Smitley and her Heirs of Lawrence County, and State of Ohio, of the second part. Witnesseth, That for and in consideration of love and affection and the sum of One Dollar in hand paid the receipt of which is hereby acknowledged. The said Daniel Fancher is to have and control the Tract or parcel of land herein conveyed during his life time, and provided further that said Elizabeth Smitley is not to Sell or convey said land away, but at her death it shall go to her children now in consideration of the above provisio the said Daniel Fancher does grant unto the said Elizabeth Smitley and her Heirs jointly at the death of said Daniel Fancher all that certain lot, * * * To have and to hold the said lot, * * * unto the said Elizabeth Smitley and her Heirs heirs and assigns, forever, * * *."

The grantor is dead, having exercised control throughout his lifetime. Elizabeth Smitley had ten children, all of whom were living at the time of the deed. She is a defendant in this suit, the plaintiffs and the other defendants being her surviving children and the heirs and devisees of those deceased. She filed an answer expressing her willingness for construction of the deed and partition of the land.

The lower court construed the deed as vesting the fee simple absolute of the land in Elizabeth Smitley and dismissed the plaintiffs' bill. They appeal.

The grant is made subject to the provision that "Elizabeth Smitley is not to sell or convey said land away, but at her death it shall go to her children." Power of disposal is an essential element of a fee simple. When it is denied, and remaindermen are designated, only a life estate passes. Therefore, this provision plainly limits the interest of Elizabeth Smitley to a life estate, (to take effect at the termination of Fancher's life estate) with remainder to her children. This conclusion is not weakened because Elizabeth Smitley is named as a joint grantee with "her heirs." The unskilled manner in which the deed is drawn demonstrates that the scrivener was not apt to have understood the exact use of technical terms. It would be manifestly impossible for one to receive a grant "jointly" with one's heirs in the technical sense, as no one has such heirs in one's lifetime. But when the word "heirs" is construed to mean "children," as the provision clearly indicates it should be, the inconsistency ends. Elizabeth Smitley can then take jointly (together) with her children; she receiving a life estate and they the remainder. The habendum clause is to "Elizabeth Smitley and her Heirs heirs and assigns forever." This clause is as much dominated by the provision as is the granting clause. Therefore, the first time the word "heirs" appears in this clause it must refer to children; the second time, we must give it the technical meaning. This construction harmonizes the entire deed.

As Elizabeth Smitley is willing that the land be partitioned, and there is a request for partition from some of those in whom the remainder has vested, the procedure herein is proper.

The decree of the lower court is reversed, and the cause remanded for further proceedings.

*Reversed and remanded.*